IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOHN TIMOTHY PRICE,

                        Petitioner,

              v.                                        CASE NO. 21-3248-SAC

STATE OF KANSAS,

                        Respondent.


NOTICE AND ORDER TO SHOW CAUSE


    This matter is before the Court on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Petitioner, who is proceeding pro se, is a pretrial detainee facing state criminal charges who is being held at the Douglas County Jail. Petitioner's motion for leave to proceed *in forma pauperis* (Doc. 2) is granted. The Court has conducted a preliminary review of the petition and will direct Petitioner to show cause, in writing, why this action should not be dismissed under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 53-54 (1971).

    This matter is governed by Habeas Corpus Rule 4 and 28 U.S.C. § 2241. Rule 4 requires the Court to undertake a preliminary review of the petition and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . the judge must dismiss the petition." Habeas Corpus Rule 4. The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2241(c)(3).

The online records of the Douglas County District Court show that Petitioner was arrested and criminally charged in September 2021. Petitioner filed his petition for writ of habeas corpus under 28 U.S.C. § 2241 on October 27, 2021. (Doc. 1.) As his first ground for relief, Petitioner asserts that the state district court judge set his bond at an excessive and unattainable amount. *Id.* at 6. As his second ground for relief, he alleges that his substantive due process rights have been violated by his allegedly unlawful incarceration for over 30 days. *Id.* As his third ground for relief, Petitioner alleges that his counsel has provided ineffective assistance by failing to get his bond amount reduced. *Id.* As his fourth ground for relief, Petitioner asserts that he has no way of utilizing administrative remedies. *Id.* at 7. He asks the Court to exonerate him. *Id.*

Principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger v. Harris*, 401 U.S. 37, 46 (1971). Federal courts must abstain when "(1) the state proceedings are ongoing; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to present the federal constitutional challenges." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Where the three circumstances coexist, abstention is mandatory unless extraordinary circumstances are present. *Brown ex rel. Brown v. Day*, 555 F.3d 882, 888 (10th Cir. 2009) (quoting *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1163 (10th Cir. 1999)).

The three conditions in *Younger* are satisfied with respect to

Petitioner's current criminal prosecution in state court: (1) the state criminal case against Petitioner is ongoing; (2) the State of Kansas has an important interest in prosecuting crimes charging the violation of Kansas laws; and (3) the state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims, whether in the district court, on appeal if he is convicted, or, if necessary, in further proceedings.

Petitioner is therefore directed to show cause, in writing, on or before November 29, 2021, why this matter should not be summarily dismissed without prejudice under *Younger*. The failure to file a timely response will result in this matter being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner's motion to proceed *in forma pauperis* (Doc. 2) is **granted.**

**IT IS FURTHER ORDERED** that Petitioner is directed to show cause, in writing, on or before November 29, 2021, why this matter should not be summarily dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 29th day of October, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge