**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**JOHN TIMOTHY PRICE,**

                      **Petitioner,**

      **v.**                                      **CASE NO. 21-3248-SAC**

**STATE OF KANSAS,**

                      **Respondent.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's response (Doc. 4) to this Court's notice and order to show cause (NOSC). For the reasons stated below, the Court will dismiss this action without prejudice under the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), and *Ex Parte Royall*, 117 U.S. 241 (1886).

**Background**

In September 2021, Petitioner was arrested and criminally charged in Douglas County District Court. On October 27, 2021, he filed his petition for writ of habeas corpus under 28 U.S.C. § 2241. Therein, he asserts that the state judge has set his bail at an excessive and unattainable amount, his substantive due process rights have been violated, his counsel has provided ineffective assistance, and he has no way of utilizing administrative remedies. He asks the Court to exonerate him.

The Court conducted a preliminary review of the petition and concluded that it appears that the Court must abstain from interfering with Petitioner's ongoing state-court criminal

prosecution. (Doc. 3.) Thus, on October 29, 2021, the Court issued a NOSC directing Petitioner to show cause, in writing, why this matter should not be summarily dismissed without prejudice. *Id.* Petitioner filed his response on November 5, 2021, and the Court has reviewed it carefully.

**Analysis**

In his response, Petitioner asserts that his petition should not be summarily dismissed because his ongoing detention is illegal. He further contends that the cases cited in the NOSC are irrelevant because they were not decided based on the specific facts and circumstances he faces. He asks the Court to make its determinations based on his petition, not other cases. Finally, he asserts that his continued detention "results in irreparable time loss of liberty."

The Court assures Petitioner that resolution of his petition is based on the contents of his petition, not on "the hang ups and set backs [*sic*] of any other party not involved in the Petitioner's cause." The Court relies on and cites to other cases to show the established law that applies when an individual being detained by a state on pending criminal charges seeks habeas relief from a federal court. By using the same legal test for cases that present the same material circumstances, the Court reinforces the concept "that bedrock principles are founded in the law rather than in the proclivities of individuals." *See Vasquez v. Hillery*, 474 U.S. 254, 265 (1986). In addition, the controlling legal principles in this matter have been established by the United States Supreme Court's interpretation of federal law, which this Court is bound to follow. *See James v. City of Boise, Idaho*, 577 U.S. 306, 307 (2016).

As the Court noted in its NOSC, the United States Supreme Court has held that principles of comity dictate that absent unusual circumstances, a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." *See Younger*, 401 U.S. at 46. In his response, Petitioner asserts that he suffers the irreparable injury of a loss of time and liberty. But "[c]ertain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, [cannot] by themselves be considered 'irreparable' in the special legal sense of that term." *Id.* at 46. The Court concludes that the loss of time and liberty Petitioner alleges does not rise to the level of irreparable injury required for exception to the *Younger* abstention doctrine.

Under *Younger*, federal courts must abstain from exercising jurisdiction when:  "(1) there is an ongoing state criminal . . . proceeding; (2) the state court provides an adequate forum to hear the claims raised in the federal [petition]; and (3) the state proceedings involve important state interests." *Winn v. Cook*, 945 F.3d 1253, 1258 (10th Cir. 2019). As noted in the NOSC, it appears that all three conditions are met here. The state-court criminal case against Petitioner is ongoing. The state courts provide Petitioner the opportunity to present his challenges, including his federal constitutional claims, whether in the district court, on appeal, or, if necessary, in further proceedings. *See id.* at 1258 (noting that state courts generally provide an adequate opportunity in this context "'unless state law clearly bars the interposition of the federal statutory and constitutional claims'"). And the State of Kansas has an important interest in prosecuting crimes charging

the violation of Kansas laws. *See id.* ("For the purposes of *Younger*, state criminal proceedings are viewed as 'a traditional area of state concern.'").

Very recently, the Tenth Circuit addressed the question intervening on ongoing state criminal proceedings under *Ex Parte Royall*, 117 U.S. 241 (1886), rather than *Younger*. *See Kirk v. Oklahoma*, 2021 WL 5111985 (10th Cir. Nov. 3, 2021) (unpublished order).

> "In *Ex Parte Royall*, the Supreme Court held that federal courts have habeas corpus jurisdiction to discharge a state-court pretrial detainee from custody on the basis that his detention violates the constitution. But the Court further concluded that a federal court should not exercise its discretion to exert that power except in very limited circumstances and should instead allow the state court to pass upon constitutional questions in the first instance. Acknowledging exceptions to this rule, the Court pointed to 'cases of urgency[ ] involving the authority and operations of the [federal] government [or] the obligations of this country or its relations with foreign nations.' The Supreme Court has also sanctioned federal habeas relief in a pretrial case where, rather than seeking to litigate a federal defense to a criminal charge, the habeas applicant sought to compel the state to bring him to trial. '[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts.'" *Id.* (citations omitted).

Applying *Ex Parte Royall* to the matter before it, the Tenth Circuit concluded that the district court did not err by abstaining from interfering in Mr. Kirk's state-court criminal proceedings because "[h]is is not a 'case[ ] of urgency' involving the imposition of state custody for commission of an act done in pursuance of federal law or under the authority of a foreign state.

Nor is he seeking to compel the state to bring him to trial." 2021 WL 5111985, at *2. Similarly, Petitioner's case is not within the narrow category of cases for which *Ex Parte Royall* contemplates federal-court intervention in state-court criminal proceedings by way of a writ of habeas corpus. He does not allege that the state is detaining him for committing an act done in pursuance of federal law or under the authority of a foreign government, nor does he seek to compel the State of Kansas to bring him to trial.

**Conclusion**

Whether the Court considers the question under *Younger* or under *Ex Parte Royall*, Petitioner's current state-court criminal prosecution does not present the sort of special circumstances that warrant federal-court intervention. The *Younger* abstention conditions are present and the circumstances considered in *Ex Parte Royall* are not. Thus, the Court will dismiss this matter without prejudice.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order. A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional rights. 28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The failure to satisfy either prong requires the denial of a

COA. *Id.* at 485. The Court concludes that is procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a COA.

**IT IS THEREFORE ORDERED** that the Petition is **dismissed without prejudice**. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 9th day of November, 2021, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge